Stewart, J.
The sole question presented to this court is whether relator’s amended petition states a cause of action.
The respondents argue that on the facts pleaded there is no moral obligation on the part of the city to pay the claim, contending that a moral obligation of a municipality is an obligation of such a nature that it would be enforceable at law except for the exemption from liability of the municipality because of its governmental capacity.
The general rule throughout the country recognizes the authority of a governmental subdivision to assume and pay moral obligations.
In 1 Cooley on Taxation (4 Ed.), 412, 413, 414, Section 194, appears the following statement:
“There are some cases in which taxation has been allowed for the benefit of private persons on considerations not of charity so much as of justice. Any exercise of the powers of government is liable to cause injury to particular individuals. When the injury is merely incidental, these individuals have no legal claim to indemnification. Nevertheless, it seems eminently proper and just, in some exceptional cases, to recognize a moral obligation resting on the public to share with the persons injured the damage sustained; and this *163 can only be done by means of taxation. All governments are accustomed to recognize and pay equitable claims of this nature under some circumstances; claims, for instance, for the destruction of private property in war, and sometimes for incidental injuries occasioned by the construction of a public work, or for loss in performing a contract to construct it. In these cases the Legislature is not confined in making compensation within the strict limits of common-law remedies, but it may recognize moral or equitable obligations, such as a just man would be likely to recognize in his own affairs, whether by law required to do so or not. And what the Legislature may do for the state, the municipalities, under proper legislation, may do for themselves. Taxation to raise money to pay a claim based on a moral obligation, and not enforceable at law, is for a public purpose, and is proper unless forbidden by some constitutional provisions. * * *
“The term ‘moral obligation’ has been defined as ‘a duty which would be enforceable at law were it not for some positive rule which exempts the party in that particular instance from legal liability.’ It has also been defined as one ‘which cannot be enforced by action but which is binding on the party who incurs it, in conscience and according to natural justice.’ A ‘moral obligation’ means that some direct benefit was received by the state as a state or some direct injury has been suffered by the claimant under circumstances where in fairness the state might be asked to respond, and there must be something more than a mere gratuity involved. In regard to the question whether the facts existing in any case bring it within the class of claims which the Legislature ought to recognize as founded upon equitable and moral obligations, it would seem that generally such question is largely one for the Legislature to decide for itself.”
Examples of the application of the foregoing rule *164 are found in two well-considered cases. In Evans v. Berry, Comptroller, 262 N. Y., 61, 186 N. E., 203, 89 A. L. R., 387, it was held that such an assumption of liability by a city to an injured person does not constitute a gift or gratuity, if it is in legitimate recognition of an equitable claim, and that the extent to which moral and equitable claims against a city should be recognized is primarily for the city to determine.
The court said:
“A moral obligation is a duty assumed in obedience to the rules of right conduct. People differ as to the standard of right conduct. Some take as their standard of moral duty the letter of the law; others the golden rule. The question is not as to our own standard but the standard which the city may adopt. Is it an impossible, quixotic standard whereby the money of the city may be given away without regard to any visible equity or does it rest on common-sense conceptions of moral duty? The city may be just but it may not distribute largess.”
In the case of Board of Education of Calloway County v. Talbott, Aud., 261 Ky., 66, 86 S. W. (2d), 1059, it was declared that a Legislature may make appropriations in recognition of moral or equitable obligations such as a just man would be likely to recognize in his own affairs whether by law he is required to do so or not. See, also, 15 McQuillin Municipal Corporations (3 Ed.), 64, Section 39.24.
It has long been the practice in this state for legislative bodies of political subdivisions to enact statutes or ordinances appropriating money to pay claims which are by law unenforceable against the subdivisions, but which on principles of justice and equity constitute moral obligations of the subdivisions. Examples of such practice can be found in the cases of Board of Education v. McLandsborough, 36 Ohio St., 227, 38 *165 Am. Rep., 582, wherein it was held by this court that the General Assembly may pass an act exonerating an officer and his sureties from the payment of money which was stolen or otherwise lost without his fault, and may direct that a tax be levied to pay for such loss, and Board of Education v. State, 51 Ohio St., 531, 38 N. E., 614, 46 Am. St. Bep., 588, 25 L. R. A., 770, wherein this court, although holding that the General Assembly can not by recitations of fact prevent a board of education from contesting the validity of a statute requiring it to pay a moral obligation, discussed and recognized the authority of the board of education to pay such a claim in a proper case.
In the latter ease is the following statement by Bradbury, J.:
“It may be conceded that the General Assembly may authorize one of the political subdivisions of the state to levy a tax to pay a demand not legally enforceable, but founded upon a moral consideration, or may even command that the levy shall be made for that purpose, and yet deny to it the power to determine conclusively the existence of such obligation.
í i # * *
“If, in the case under consideration, the relator has paid out money for the benefit of the respondent, for which, by some mistake, accident or error, he has never received credit, it is morally bound to make it good and this moral obligation is sufficient to support the statute in question. * * * Where, however, the facts, out of which a moral (or legal) obligation is claimed to arise, are disputed, the contention falls within the province of the courts, under the distribution of governmental powers prescribed by our Constitution. Sec. 1, of Article IV of the Constitution of 1851.”
We agree with the Court of Appeals that the facts stated in the amended petition do not show that the *166 negligence of the personnel claims adjuster in failing to file relator’s application with the Industrial Commission makes the city legally responsible for such failure, and with that court’s statement that “public officials, it would seem, should consider themselves rather as trustees than philanthropists in the appropriation and disbursement of public funds.’’ However, the amended petition relies on the finding of the council of the city of Toledo that relator’s claim constitutes a moral obligation which the city recognizes. For the purpose of the demurrer, the ordinance must be presumed to have been validly enacted and the facts therein found by the council to be true. As stated in Board of Education v. State, supra, the determination as to whether upon the production of evidence there actually is a moral obligation is properly a question for the court upon the trial of the cause.
The judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Middleton, Taet, Matthias, Hast and Zimmerman, JJ., concur.